**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
Clerk's Office
MAR 29 2006
Superior Court of the
District of Columbia
Washington, D.C.
0002426-06

Johnny Ray Chandler, Sr.
1816 New Hampshire Ave., N.W.
Apt. 602 Washington, D.C. 20009
                           *Plaintiff*

vs.

W.E. WELCH & ASSOCIATES, INC.
2502 URBANA PIKE, SUITE 200
IJAMSVILLE, MD. 21754
(SERVE) Ms. Kim Gipe, Human Resources Mang.
        2502 Urbana Pike, Suite 200
        Ijamsville Maryland 21754
                  *Defendants*

AND

MR. JEFF MAHONEY ( Serve : Ms. Kim Gipe. 2502 Urbana Pike, Ijamsville, MD. 21754 )

CIVIL ACTION NO. _____

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.
    THIS CLAIM/COMPLAINT IS AGAINST W.E. WELCH & ASSOCIATES, INC. (MECHANICAL CONTRACTORS) AND MR. JEFF MAHONEY. Who is one of the employee's of W.E. Welch & Associates. This Claim is for un-fair labor practic, False Accusation and violation of Company Policy, Bias Discrimination, Equal Treatment under the Fourteenth Amendment, and Negliegence in the performance of his duty

A.                     JURISDICTION

Jurisdiction of this Court is founded under Diversity of Citizenship. I, am a citizen and resident of Washington, D.C. and W. E. Welch & Associates

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 175,000.00 with interest and costs.

Phone: (202) 332-1689

DISTRICT OF COLUMBIA, SS

Johnny R. Chandler, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

                Johnny Ray Chandler, Sr.
                (Plaintiff / Agent)

Subscribed and sworn to before me this 23 day of March 20 06.

(Notary Public/Deputy Clerk)
Sidney W. Williams, III
Notary Public, District of Columbia
My Commission Expires 7/31/2010

FORM CV-1013/ Nov. 00

# COMPLAINT CONTINUED

Has it's primary place of business in Ijamsville, Maryland.

Also, this Court has Subject Matter Jurisdiction.

**B.         STATEMENT OF CLAIM**

Back in October of 2005. I was hired by the defendant, (W.E. Welch & Associates) as a Sheet metal Mechanic. On Monday, March 6, 2006 I went to work. When I arrived, I was approached by the job sit Foreman, Mr. Jeff Mahoney. He told me that :

" I DO NOT NEED YOU ANY MORE."

I, asked him if I was being fired ? Once again he told me that I do not need you any more. So, I immediately left the job sit and went home. When I got home, I called the Human Resources Manager, Ms. Kim Gipes. I informed her of what I had been told by Mr. Jeff Mahoney and asked her if I was going to be sent to another job sit or was I being fired ? She told me that she did not know, but she would find out, and for me to call her back later.

When I called her back. She told me that I had been fired by Mr. Jeff Mahoney. I, asked her to tell me the reason why I had been fired ? She told me that it was because Mr. Mahoney had written me up. I, immediately informed Ms. Gipe that I had not been informed of any write up, written by Mr. Mahoney. Nore had I received any write up written by him. Ms. Gipe informed me that she would send me a copy of the write ups when she mailed me my pay check. This was on March 6, 2006.

Then on Friday, March 17, 2006 I received my check in the mail. Along with my check was four written complaints written by Mr. Jeff Mahoney, ( SEE EXHIBIT'S A.,B.,C., and D.) As this Court can clearly see. All of those documents has a space for the employee to sign. But none of those forms have my signature on them. Which should prove that I was never made aware of them prior to March 7, 2006. Which furthermore should show and prove that they were written with malicious intent.

**B.(1).**              **EQUAL TREATMENT**

Under the Equal Treatment Clause. All persons similarly situated should be treated alike and equally.

On or about February 15, 2006 one of the other workers, who Is also a Sheet Metal worker also received a written warning about his job performance. This warning was verbal as well as in writing. This workers name is Mr. Gary Price. Me on the other hand. I was not given a written warning, and the exhibits will show this fact. Because, none of the have my signature on them.

### B. (2)        POLICY VIOLATIONS

As I initially stated. I , started working for W.E. Welch in October of 2005. As a new employee, I was given a Policy Guide called W.E. WELCH & ASSOCIATES, Inc. Employee Handbook. In the Foreword of that Handbook, PG. 5, Paragraph 2. It clearly states :

**This Manual has been prepared to help you understand some of the GENERAL POLICIES, WORKING RULES AND BENEFIT PLANS THAT W. E. W. A. I. OFFERS.  THIS MANUAL "SHALL" SERVE AS THE GUIDE FOR OUR**

## EMPLOYER / EMPLOYEE RELATIONSHIP ( SEE EXHIBIT F. )

### PG. 46, Para. 1. ON THE JOB

If an employee receives two (2) or more written warnings, disciplinary action will be taken, up to and including termination.

### PG. 62-63 WRITTEN WARNINGS

The Supervisor should discuss the problem and present a written warning to the employee in the presence of the Human Resources Manager. Clearly identify the problem and outline a course of corrective action within a specific time frame. The employee should clearly understand both the corrective action and the consequences, (I.e. termination) if the problem is not corrected or reoccurs. The employee should acknowledge receipt of the warning and incorporate any of their own comments before signing it. A record of the discussion and the employee's comments should be placed in the employee's file in the Human Resources Department.

Here in in this claim. Which is presently before the court. I

was never given a chance to make any comments in reference to the alleged Notices/write-ups. Nor was I ever seen or taken before the Human Resources Manager. As mandated by the W. E. Welch & Associates Employee / Employer Policy. Therefore, the defendants are all guilty of all charges.

C.     **ADMINISTRATIVE APPEAL**

As required by the Rules of Civil Procedures. I sent an Appeal to Ms. Kim Gipe, Human Resource Manager for W. E. Welch. Informing her in writing of my complaint, and requesting that my employment be re-instated. ( SEE EXHIBIT E. )

D.     **REQUESTED RELIEF**

As Relief in this Claim. I respectfully Move this Court to award me the following Relief :

1. Monetary Relief : 150,000.00 from W. E. Welch. For unfair Labor practices.

2. 25,000.00 from Mr. Jeff Mahoney. For violation of Policy , Bias Discrimination, and violation of the Equal Treatment Clause.

## INJUNCTIVE RELIEF

1. It be ORDERED by this Court that my employment with W. E Welch & Associates be immediately re-instated.

2. It be ORDERED that I be given back pay. From March 6, 2006 To present.

>Respectfully Submitted,

>Johnny Ray Chandler, Sr.
>Plaintiff, PRO-SE

Exhibit A.



## W.E. Welch & Associates Inc
### MECHANICAL CONTRACTORS

2502 Urbana Pike • Suite 200 • Ijamsville, MD 21754

# EMPLOYEE DISCIPLINARY REPORT

DATE: 2-07-06

NAME: Johnny Chandler

**ACTION TAKEN**

✓ 1ST Warning     ___ 2nd Warning     ___ Final Warning     ___ Termination

**NATURE OF INCIDENT**

___ Excessive Absenteeism                    ___ Lack of Cooperation/Teamwork

___ Insubordination/Failure to follow        ___ Substandard Work/Carelessness
     instructions

___ Threatening or Engaging in Violence     ✓ Violation of Safety Rules

___ Dishonesty/Theft                         ___ Drinking/Drugs while at work or
                                                  operating company vehicles

___ Destruction of Company Property         ___ Destruction of Customers' Property

___ Other _____

**FACTS OF INCIDENT**

Johnny came to work with out his hard hat

Witness (if any) _____

Prepared By: Jeff Mahoney

Supervisor Signature: _____

Employee Signature: _____

(800) WELCH-41  •  (301) 831-8942  •  FAX (301) 831-8403

**W. Welch & Associates Inc**
**MECHANICAL CONTRACTORS**

2502 Urbana Pike • Suite 200 • Ijamsville, MD 21754

# EMPLOYEE DISCIPLINARY REPORT

*Exhibit B.*

DATE: 2/9/06

NAME: Johnny Chandler

**ACTION TAKEN**

[✓] 1ST Warning   [ ] 2nd Warning   [ ] Final Warning   [ ] Termination

**NATURE OF INCIDENT**

[ ] Excessive Absenteeism

[ ] Insubordination/Failure to follow instructions

[ ] Threatening or Engaging in Violence

[ ] Dishonesty/Theft

[ ] Destruction of Company Property

[ ] Other _____

[ ] Lack of Cooperation/Teamwork

[ ] Substandard Work/Carelessness

[✓] Violation of Safety Rules

[ ] Drinking/Drugs while at work or operating company vehicles

[ ] Destruction of Customers' Property

**FACTS OF INCIDENT**

no hard hat today

Witness (if any) _____

Prepared By: Jeff Mahoney

Supervisor Signature: _____

Employee Signature: _____

(800) WELCH-41 • (301) 831-8942 • FAX (301) 831-8403

Exhibit C.

# W.E. Welch & Associates Inc
## MECHANICAL CONTRACTORS

2502 Urbana Pike • Suite 200 • Ijamsville, MD 21754

## EMPLOYEE DISCIPLINARY REPORT

DATE: 2/10/06

NAME: Johnny Chandler

**ACTION TAKEN**

__ 1ST Warning        ✓ 2nd Warning        __ Final Warning        __ Termination

**NATURE OF INCIDENT**

__ Excessive Absenteeism                    ✓ Lack of Cooperation/Teamwork

__ Insubordination/Failure to follow          __ Substandard Work/Carelessness
   instructions

__ Threatening or Engaging in Violence       __ Violation of Safety Rules

__ Dishonesty/Theft                          __ Drinking/Drugs while at work or
                                                operating company vehicles

__ Destruction of Company Property           __ Destruction of Customers' Property

__ Other _____

**FACTS OF INCIDENT**

Took Johnny all day to put in 7ft of return Duct for apartment 801 on 1st Floor

Witness (if any): _____

Prepared By: _____

Supervisor Signature: Jeff Malony

Employee Signature: _____

(800) WELCH-41 • (301) 831-8942 • FAX (301) 831-8403

Ex ibit D.

# W.E. Welch & Associates Inc
## MECHANICAL CONTRACTORS

2502 Urbana Pike • Suite 200 • Ijamsville, MD 21754

# EMPLOYEE DISCIPLINARY REPORT

DATE: 3/1/06

NAME: Johnny Chandler

## ACTION TAKEN

__ 1ST Warning       __ 2nd Warning       ✓ Final Warning       __ Termination

## NATURE OF INCIDENT

__ Excessive Absenteeism                   __ Lack of Cooperation/Teamwork

__ Insubordination/Failure to follow        __ Substandard Work/Carelessness
   instructions

__ Threatening or Engaging in Violence      ✓ Violation of Safety Rules

__ Dishonesty/Theft                         __ Drinking/Drugs while at work or
                                               operating company vehicles

__ Destruction of Company Property          __ Destruction of Customers' Property

__ Other _____

## FACTS OF INCIDENT

Johnny not wear hard Hat

Witness (if any): [signature]

Prepared By: Jeff Mahony

Supervisor Signature: _____

Employee Signature: _____

(800) WELCH-41 • (301) 831-8942 • FAX (301) 831-8403

Exhibit E

# W.E. WELCH & ASSOCIATES
## MECHANICAL CONTRACTORS
2502 Urbana Pike, Suite 200
Ijamsville, Maryland 21754

## **MEMORANDUM**

| | | |
|---|---|---|
| TO | : | The Human Resources Manager<br>Human Resources Department<br>W.E. Welch & Associates<br>2502 Urbana Pike, Suite 200<br>Ijamsville, MD. 21754 |
| FROM | : | Johnny Ray Chandler, Sr.<br>1816 New Hampshire Avenue, N.W., Apt. 602<br>Washington, D.C. 20009 |
| SUBJECT | : | Administrative Appeal / Complaint against Staff |
| DATE | : | March 17, 2006 |

To Whom It May Concern :

I am writing and sending you this memorandum to appeal a decision that was made by the Administrative Staff or member there of, of W.E. Welch & Associates. Also to file an Official Complaint against Mr. Jeff Mahoney. Who is the Job Foreman at the job sit on Western Avenue, N.W. in Washington, D.C.

On March 6, 2006 I was victimized with Bias Discrimination, A violation of the Equal Treatment Clause of the Fourteenth (14th) Amendment. Plus, a violation of chapter F. ( Pg. 43 ) of the W.E. Welch & Associates Employee Handbook.

On the above date. I was removed from my employment with W.E. Welch & Associates. I was not informed as to the reason or reason(s) for this action until March 7, 2006 when I called the office and spoke with Ms. Kim Gipe.

She informed me that Mr. Jeff Mahoney had written Complaints in reference to me. I, was never made aware of any written Complaints / Warnings. Which is the first violation of Company Policy committed by Mr. Mahoney. I never received any written warnings until the day that I received my last pay check. In the envelope along with my pay check was copies of written warnings written by Jeff Mahoney. ( SEE EXHIBIT'S A., B., C., and D. ) I, was never given a copy of any of those written warnings. Furthermore, none of the warnings have my signature on them. There is a space on the warning form for employee signature. And as you can clearly see. There is no Employee Signature. Which shows and proves that Mr. Mahoney never confronted me with the written warning. Which is a Violation of the W.E. Welch Employee Policy.

## VIOLATION NO. 2

In this violation. I was victimized with Bias Discrimination and a violation of my Right to Equal Treatment. In addition to my Right to Equal Employment.

On or about February 15, 2006. One of the other Sheet Metal Workers was given a written warning about his work performance. He was called into the Office and given a verbal and a written reprimand. The employee that I am referring to, his name is Gary Price. Under the Fourteenth Amendment of the U.S. Constitution. It requires that all persons similarly situated should be treated Equally. Gary Price received a verbal and written warning. I never received a verbal or written warning. Therefore, I was denied Equal Treatment under the Fourteenth (14th) Amendment of the U.S. Constitution.

Also, in Exhibit C. he stated that I lack cooperation / teamwork. Which, based on the FACTS OF THE INCIDENT. Proves that he has made a false accusation. Because, he stated that I took all day to put in 7 feet of Return Duct. If that was the case. That would be substandard work and not a lack of cooperation. So, as you can see. My employment was terminated without just cause.

Now, as relief in this matter. In an effort to keep this matter within the confinements of W.E. Welch. I, respectfully ask that my employment be immediately reinstated, and I be compensated for the time that I am

unemployed. Plus, Mr. Jeff Mahoney be given a very firm reprimand and removed from his position as Job Sit Foreman.

Moreover, I respectfully request a face to face meeting with you. For the purpose of further discussing this matter.

Your personal, written response to this Appeal / Complaint. Is urgently needed and will be very greatly appreciated.

Sincerely,

*Johnny Ray Chandler, Sr.*

tinua...)

| | Page |
|---|---|
| | 43 |
| | 43-44 |
| | 44 |
| | 44 |
| | 45 |
| | |
| | 46 |
| | 47 |
| | 47-48 |
| | 48 |
| | 48-49 |
| | 49-50 |
| | 50 |
| | 50-51 |
| | 51 |
| | 51 |
| ds | 51-52 |
| | 52-54 |
| | 54 |
| | 54-55 |
| | 56 |
| | 56-57 |
| | 58 |
| | 58 |
| | 58-59 |
| | 59 |
| | 59 |
| | |
| | 60 |
| | 60-62 |
| | |
| | 62 |
| | |
| | 63 |
| LICY | |
| | 64-65 |

## FOREWORD

W.E. Welch & Associates Inc. (WEWAI), headquartered in Ijamsville, Maryland is a client oriented merit shop Mechanical Contractor providing plumbing, heating and air conditioning work on a design-build and build-construct basis within the immediate Virginia-Maryland-Washington, D.C.-Baltimore metropolitan area. Founded in October 1995, WEWAI's completed and current work includes mechanical systems for multi-family residential townhouse, apartment, and condominium projects, institutional private school and church projects, and commercial base building office building, office tenant fit-out, hotel, bank, restaurant, and service retail projects. Our current contracts range from $100,000 to $ 7,000,000, with approximately 200 employees.

Whether you have just joined our staff or have been at WEWAI for a while, we are confident that you will find our company a dynamic and rewarding place in which to work, and we look forward to a productive and successful association. We consider the employees of WEWAI to be one of its most valuable resources. This manual has been prepared to help communicate with you some of the company policies, working rules and benefit plans that WEWAI offers. This manual shall serve as the guide for our employer/employee relationships.

As you read on please be advised that there are several things that are important to keep in mind about this handbook.

First, it contains only general information and guidelines. It is not intended to be comprehensive or to address all the possible applications of, or exceptions to, the general policies and procedures described. For that reason, if you have any questions concerning eligibility for a particular benefit, or the applicability of a policy or practice to you, you should address your specific questions to our Human Resources Manager. Furthermore, neither this handbook nor any other WEWAI document, confers any contractual right, either express or implied, to remain in the WEWAI's employment. Nor does this handbook guarantee any fixed terms and conditions of your employment. Your employment is for no specific designated period of time and may be terminated at will, with or without cause and without prior notice, by WEWAI, or you may terminate your employment for any reason at any given time. No supervisor or other representative of WEWAI (except the President) has the authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the above.

Second, the procedures, practices, policies and benefits described herein were current when published, but may be changed or terminated without notice as necessary at any time. WEWAI will try to inform you of any changes as they occur.

Third, this handbook and the information contained herein should be treated as proprietary and confidential. Therefore, no portion of the contents of this handbook should be disclosed with others, except WEWAI employees and others affiliated with WEWAI whose knowledge of the information is required in the normal course of business.

Finally, some of the subjects described here are covered in detail in other WEWAI official policy documents. Please refer to these documents for specific information, since this handbook only briefly summarizes those benefits. Also, please note that the terms of all issued written insurance policies are controlling.

## ON THE JOB

### General Policies and Procedures

The contents of this "Handbook" are your guide to success and should be followed at all times. ~~Anytime a policy in this "Handbook" is not followed, an employee will receive a warning. If an employee receives two (2) or more written warnings, disciplinary action will be taken, up to and including termination. It is your responsibility to read each policy carefully keeping in mind what it is that WEWAI expects of our employees.~~

### Office Procedures

The following general office procedures should be followed during your employment at WEWAI, when you are working in, or visiting WEWAI's corporate offices:

-General Maintenance – keep offices and shops neat and clean, it is necessary for everyone to pitch in and help. Specifically, when using the common office areas and lavatory, make sure you clean up after yourself. Please remember to be courteous to the next user.
-Copier and Fax Machines – located in the office, these pieces of office equipment are for work related use only.
-Supplies – if something is needed, please contact the receptionist.

WEWAI's office equipment, such as telephone, postage, facsimile and copier machine, is intended to be used for business purposes. An employee may only use this equipment for non-business purposes with the permission of his or her supervisor. Personal usage of these or other equipment that results in a charge to WEWAI should be reported immediately to your supervisor or accounting so that reimbursement can be made.

### Facilities Access and Security

The last employee to leave the facility (e.g. office, shop, building, etc.) at the end of the day is charged with responsibility of making sure all equipment is off, lights are out, and doors are locked. The building is open on regular work days (except holidays) from 7:00 a.m. to 4:30 p.m. If you need access to the building before 7:00 a.m. and/or after 4:30 p.m., Monday through Friday, weekends, or holidays, please see your supervisor for entry access.

### Quality Assurance

It is the policy of WEWAI to provide high quality work to all of its clients regardless of the scope and length of work. WEWAI is dedicated to providing its clients with the utmost service and fulfillment needed. Quality work is done in a timely and cost effective manner.

Attendance, Punctuality an[d]

Because WEWAI depends he[avily] as scheduled. [U]nnecessary a[bsence] on the WEWAI's ability to [...] punctuality, [...] expected at work on all sche[duled] work on time. Field employ[ees] totally prepared to start work [...] may change per job). Lunch [...] per job). Service Techs must [...] home to the job location has [...]

Moreover, an employee must [...] advance as possible, but not l[...] expects to be late or absent u[n...] leaves). This policy applies f[or] work and fails to contact his/[her] consecutive work days may b[e ...] rehire. A careful record of ab[sences] becomes part of the personne[l ...] chances for advancement and [...] warned repeated absenteeism [...]

### Drug and Alcohol Abuse

WEWAI is firmly committed [to] employee safety and health. [...] take its toll in the workplace b[y ...] undermining public confiden[ce ...] activity under state and feder[al ...] manufacturing, distributing, p[...] purpose of this policy, WEW[AI ...] owned or leased by the comp[any ...] company vehicles or equipme[nt ...] include, but are not limited to [...] phencyclidine (PCP), halluci[nogens ...] affect one's ability to functio[n ...] have a proper prescription wh[...]

Any employee who is arreste[d ...] sale, distribution, possession [...] duty will be terminated.

Any employee who violates a[...]

Published 10/03

46

Published 10/03

- undue and unauthorized absence from duty during regularly scheduled work hours
- deliberate non-performance of work
- larceny or unauthorized possession of, or the use of, property belonging to any co-worker, visitor, or customer of WEWAI
- possession of dangerous weapons on the premises
- unauthorized possession, use or copying of any records that are the property of WEWAI
- excessive absenteeism or lateness
- unauthorized posting or removal of notices from bulletin boards
- marring, defacing or other willful destruction of any supplies, equipment or property of WEWAI
- failure to call or directly contact your supervisor when you will be late or absent from work
- fighting or serious breach of acceptable behavior
- violation of the Alcohol or Drug Policy
- theft
- violation of WEWAI's Conflict of Interest/Outside Employment Policy and/or Confidentiality Policy
- gambling, conducting games of chance or possession of such devices on the premises or during work hours
- leaving work premises without authorization during work hours
- sleeping on the job

These above noted infractions are intended to be representative of the types of activities that may result in disciplinary action. It is not exhaustive, and is not intended to be comprehensive and does not change the employment-at-will relationship between the employee and WEWAI.

In the event of dismissal for misconduct, all benefits end at the end of the month. COBRA may not be available to anyone dismissed from WEWAI for gross misconduct.

### Dismissals Other Than Immediate Termination

All employees are expected to meet WEWAI's standards of work performance. Work performance encompasses many factors, including attendance, punctuality, personal conduct, job proficiency and general compliance with the Company's policies and procedures.

If an employee does not meet these standards, WEWAI may, under appropriate circumstances, take corrective action, other than immediate dismissal.

The intent of corrective action is to formally document problems while providing the employee with a reasonable time within which to improve performance. The process is designed to encourage development by providing employees with guidance in areas that need improvement such as poor work performance, attendance problems, personal conduct, general compliance with WEWAI's policies and procedures and/or other disciplinary problems.

### Written Warnings

The supervisor should discuss the problem and present a written warning to the employee in the presence of a Human Resources Manager. This should clearly identify the problem and outline a course of corrective action within a specific time frame. The employee should clearly understand

---

both the corrective action and the consequence (i.e., termination) if the problem is not corrected or reoccurs. The employee should acknowledge receipt of the warning and incorporate any of their own comments before signing it. A record of the discussion and the employee's comments should be placed in the employee file in the Human Resources Department.

Employees who have had formal written warnings are not eligible for salary increases, bonus awards, promotions or transfers during the warning period.

### Post Resignation/Termination Procedures



#### Benefits

Benefits (Life, Medical, etc.) end on the last day of the month following termination. Employees may choose the continuation or waiver of comprehensive medical coverage under COBRA. An employee has the option to convert to individual life insurance, and/or to continue Medical Benefits in accordance with the Consolidated Omnibus Budget Reconciliation Act ("COBRA") regulations. Specific information will be mailed to the employee's home.

- Employee Handbook
- office keys
- WEWAI's issued credit cards
- WEWAI's manuals
- WEWAI's vehicle
- WEWAI's cell phone, chargers, manual, case
- any additional WEWAI owned or issued property

#### Final Paycheck

Final paycheck will be processed during the normal payroll period. If there are unpaid obligations to WEWAI, the final paycheck will reflect the appropriate deductions.

#### Retirement Plan

If an employee is in the retirement plan, in order to receive a disbursement of any amounts due, the employee will be mailed information on the distribution or the transfer of funds as soon as administratively feasible after the end of plan year. The employee is required to complete and sign a distribution form and mail it to the Plan Administrator. Specific information will be mailed to the employee's home.