IN THE UNITED STATES DISTRICT COURT OF
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR. : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | C.A. No. 06-794 |
| : | (Honorable Paul L. Friedman) |
| W.E. WELCH & ASSOCIATES, INC., et al. : | |
| : | |
| Defendants : | |

## DEFENDANTS' MOTION FOR CLARIFICATION OF COURT'S MAY 3, 2006 ORDER TO PLAINTIFF JOHNNY RAY CHANDLER AND/OR FOR EXTENSION OF TIME

Through undersigned counsel, Defendants W.E. Welch & Associates, Inc., Jeff Mahoney, and Kim Gipe (collectively "Defendants") move for an Order clarifying this Court's order of May 3, 2006, attached as **Exhibit A**, which, inter alia, directed plaintiff to certify by July 7, 2006 that his claims "have never been raised and disposed of on the merits, and also that they are not frivolous or harassing." Defendants respectfully seek guidance from the Court on the extent of the time required for them to file their responses to the Complaint.

Plaintiff filed the instant lawsuit in the Superior Court for the District of Columbia, and the Defendants timely removed the suit to this Court on May 1, 2006. There are serious issues as to whether the Defendants were properly served with the lawsuit, and despite plaintiff's knowledge of the removal to this Court, plaintiff recently filed additional motions in the Superior Court demonstrating his continued proclivity for serial filing, as referenced in the Order.

The Order does not address the due date of Defendants' responses to the Complaint, and, in particular, whether the Defendants are required to file any responses until the Court rules on the sufficiency of plaintiff's certification. Defendants therefore respectfully request that they not be required to file their responses until two weeks after the Court issues a ruling as to the sufficiency of plaintiff's required certification. A proposed order to that effect is attached.

Respectfully submitted,

LERCH, EARLY & BREWER, CHARTERED

_____/S/_____
Stanley J. Reed, Esquire (D.C. Bar No. 260810)
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814
301-986-1300
301-986-0332 (Facsimile)
*Attorneys for W.E. Welch & Associates, Inc.
    Jeff Mahoney and Kim Gipe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2006, I caused a copy of the foregoing to be served via first-class mail, postage prepaid on:

Mr. Johnny Ray Chandler, Sr. (*pro se*)
1816 New Hampshire Avenue, N.W.
Apt. 602
Washington, D.C. 20009

_____/S/_____
Stanley J. Reed

#591727

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHNNY RAY CHANDLER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0794 (PLF) |
| ) | |
| W.E. WELCH & ASSOCIATES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING PLAINTIFF TO CERTIFY CLAIMS

*Pro se* plaintiff filed suit in the Superior Court of the District of Columbia on or around March 23, 2006. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants removed the instant case to this Court.

The plaintiff was classified a prolific filer by this Court on March 10, 1996, and barred from filing civil actions without leave of the Court. See Memorandum Order, Chandler v. D.C. Dep't of Corr., Civil Action No. 95-2366 (D.D.C. March 10, 1996). To seek leave to file, the plaintiff is also required by Judge Kessler's Order in that case to "certify that his claims have never before been raised and disposed of on the merits. He must also certify that the claims are not frivolous or harassing." Id. at 9. The plaintiff has sought leave to file numerous complaints with this Court since that time, many of which the Court has not allowed to be filed. Because the plaintiff did not file a complaint with this Court in this case, but, rather, filed a complaint in the Superior Court which was removed by the defendants, the Court's March 10, 1996 order requiring plaintiff to obtain leave before filing a complaint does not apply here. The intent of the



order, however, was to prevent the plaintiff from prosecuting claims before this Court that were frivolous, harassing, malicious, or redundant. For that reason, the Court believes it is appropriate to require the plaintiff to make the same certification in this case, although he has been removed here not by his own volition. Accordingly, it is hereby

ORDERED that on or before July 7, 2006, the plaintiff will certify that his claims in this case have never been raised and disposed of on the merits, and also that they are not frivolous or harassing.

SO ORDERED.

DATE: May 3, 2006

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge