IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR. : | |
| : | |
| *Plaintiff,* : | |
| : | |
| v. : | Case No. 06-794 |
| : | (Honorable Paul L. Friedman) |
| W.E. WELCH & ASSOCIATES, INC., et al. : | |
| : | |
| *Defendants.* : | |
| : | |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

Through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants W.E. Welch & Associates, Inc., Jeff Mahoney and Kim Gipe, move to dismiss the allegations asserted against each of them for failure to state a claim upon which relief may be granted. As grounds therefore, the Defendants respectfully refer the Court to the accompanying memorandum.

Respectfully submitted,

LERCH, EARLY & BREWER, CHARTERED

/S/
Stanley J. Reed (D.C. Bar No. 260810)
William A. Goldberg (D.C. Bar No. 477534)
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814-5367
301-657-0177
301-347-1796 (Facsimile)
*Attorneys for W.E. Welch & Associates
Jeff Mahoney and Kim Gipe*

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

## REQUEST FOR HEARING

Defendants request oral hearing on this motion to dismiss.

                                                                           /S/
                                                   Stanley J. Reed

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January 2007, I caused a copy of the foregoing to be served via first-class mail, postage prepaid on:

Mr. Johnny Ray Chandler, Sr. (*pro se*)
1816 New Hampshire Avenue, N.W.
Apt. 602
Washington, D.C. 20009

Johnny Ray Chandler, Sr.
DC 174-730
D.C. DETENTION FACILITY
1901 D Street, SE
Washington, DC 20003

                                                       /S/
                                                William Goldberg

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

JOHNNY RAY CHANDLER, SR. :
:
    *Plaintiff*, :
:
v. : C.A. No. 06-794
: (Honorable Paul L. Friedman)
W.E. WELCH & ASSOCIATES, INC., *et al.* :
:
    *Defendants*. :
:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO FED. R. CIV. PRO. 12(b)(6)**

Through undersigned counsel, Defendants W.E. Welch & Associates, Inc. ("W.E. Welch" or "WEWAI"), Jeff Mahoney ("Mahoney") and Kim Gipe ("Gipe") (collectively "Defendants") file this Memorandum of Law in support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). As set forth below, plaintiff Johnny Ray Chandler, Sr. ("Plaintiff") fails to state any viable cause of action against Defendants, and, accordingly, the Court should dismiss his Complaint.

**I.    INTRODUCTION**

Plaintiff filed his original *pro se* Complaint against W.E. Welch and Mahoney in the Superior Court of the District of Columbia on or about March 23, 2006, setting forth various grievances in connection with his termination from W. E. Welch. Plaintiff subsequently filed a "Motion to Amend Complaint and Supplement the Pleadings" seeking to add Gipe as a party defendant.[1] Defendants removed this case to this Court based on diversity jurisdiction on or about May 1, 2006. Thereafter, the Court required Plaintiff, who had previously been barred

---

[1]    For purposes of this motion, the Defendants will treat the Motion to Amend as if it were in fact an Amended Complaint.

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

from filing any claims in the District Court without leave of Court, to certify that his claims in this matter were not frivolous or harassing.

## II.  STATEMENT OF FACTS

In brief summary of the factual allegations in the Complaint and the Motion to Amend, which Defendants accept as true solely for the purposes of their Motion to Dismiss, Plaintiff contends that on March 6, 2006 he was abruptly terminated from his employment as a sheet metal worker with W.E. Welch, by his foreman, Jeff Mahoney. *Mot. to Amend Compl.* p. 1. Plaintiff had been employed at W.E. Welch since October of 2005. *Compl.* p. 2. Following notification of his termination by Mahoney, Plaintiff contends he called Kim Gipe, whom he describes as "the Manager for the Human Resources Department" at W.E. Welch. *Mot. to Amend Compl.* p. 2. He protested his termination through a written "Grievance/Administrative Appeal" to the Human Resources ("H.R.") Department, contending *inter alia*, that his termination "was not performed in accordance with the written policies of W.E. Welch & Associates." *Mot. to Amend Compl.* p. 2.

According to Plaintiff, those policies require that prior to termination of employment, W.E. Welch must provide employees with written warnings that "clearly identify the problems and outline a course of corrective actions within a specific time frame." *Id.* at p. 3. Plaintiff further alleges that the H.R. Manager – in this instance, Ms. Gipe – is responsible for "scheduling an exit interview with a terminating employee on the employee's last day of employment." *Id.* at p. 4. In addition, Plaintiff avers that he was terminated by Mahoney without prior written notice as required by W.E. Welch's Employee Handbook, and that Gipe, as the manager, was negligent in failing to enforce this requirement, and in failing to conduct a proper exit interview. *Mot. to Amend Compl.* pp. 2, 3, 4. Plaintiff also alleges that another sheet

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

2

metal worker employed by W.E. Welch did receive a written and verbal warning about his job performance. *Compl.* p. 4.

III. **ARGUMENT**

The court must grant a motion to dismiss brought under Fed. R. Civ. Pro. 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002). In doing so, the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Id.* However, the court may not draw inferences in the plaintiff's favor if "such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comm'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In this case, dismissal is necessary and appropriate because Plaintiff's principal allegation is that W.E. Welch did not comply with statements in its handbook regarding disciplinary warnings. Because these allegations raise, at most, a claim for breach of contract, and W.E. Welch can clearly show that its handbook does not give rise to any contractual obligations, Plaintiff has failed to state any claim upon which relief may be granted. As set forth below, moreover, Plaintiff's other purported claims fail to state a cause of action, and should be dismissed as well.

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

3

### A. Plaintiff Has Failed to State a Claim For Breach of an Employment Contract.[2]

Plaintiff has failed to state a cause of action for breach of an employment contract because he bases his claim solely on an employee handbook *that expressly and unequivocally disclaims the creation of any contractual liability.* Under well-settled Maryland law, where an employee handbook contains express language negating any contractual intent, as is the case here, policies contained in the handbook do not give rise to a contractual obligation on the part of the employer to follow them.[3] Accordingly, and as set forth below, Plaintiff cannot state a claim for breach of contract.

Maryland law is clear that provisions in an employee handbook will not be considered contractual undertakings where the handbook includes an express disclaimer that any of its provisions constitute a contract. *See Castiglione v. Johns Hopkins Hosp.*, 69 Md. App. 325, 339-40 (1986) (affirming summary judgment against employee's claim for breach of employment contract based on handbook where the handbook contained a statement that it "[did] not constitute an express or implied contract."), *cert. den.*, 309 Md. 325 (Md. 1987); *Haselrig v. Public Storage, Inc.*, 86 Md. App. 116, 128 (1995) (holding that "clear and unequivocal"

---

[2] Maryland law governs Plaintiff's breach of contract claim. In a diversity case, federal courts in the District of Columbia "apply the substantive law of the forum on outcome-determinative issues." *Nepera Chemical, Inc. v. Sea-Land Service, Inc.*, 794 F.2d 688, 695 n. 52 (D.C. Cir. 1986). Choice-of-law rules are considered substantive; thus, the District of Columbia's choice-of-law rules apply in this case. *See id.* These rules require balancing the interests of all jurisdictions with a stake in the litigation and "selection of the law of the jurisdiction bearing the most significant relationship" to the claim at issue and to the litigants. *Id.* Plainly, Maryland has the "most significant relationship" to Plaintiff's contract claim. Plaintiff worked in, and his termination occurred, exclusively in Maryland. W.E. Welch is incorporated in Maryland and has its principal place of business there, and Mahoney is a resident of Maryland. No other state has the number of significant contacts as Maryland.

[3] The District of Columbia follows the same principle. *See Strass v. Kaiser Found. Health Plan of Mid-Atlantic*, 744 A.2d 1000, 1011-12 (D.C. 2000) ("employers can effectively disclaim any implied contractual obligation arising from . . . provisions [in an employee handbook].").

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

4

disclaimer of contractual intent will overcome employee's reliance on handbook provisions). *See also Staggs v. Blue Cross of Maryland, Inc.*, 61 Md. App. 381, 392 (1985) ("not every statement made in a personnel handbook or other publication will rise to the level of an enforceable contract . . . general statements of policy are no more than that and do not meet the contractual requirements for an offer."), *cert. den.*, 493 A.2d 349 (Md. 1985).

Application of these principles to the instant facts demonstrates that Plaintiff's breach of contract theory must fail. In this case, Plaintiff appears to contend that Defendants breached an employment contract with him by failing to comply with policies outlined in W.E. Welch's Employee Handbook ("Handbook") (relevant portions attached hereto as **Exhibit A**).[4] Plaintiff asserts, for example, that he did not receive written notice of complaints about his job performance prior to termination, and that Defendants did not follow the post-termination procedures detailed in the Handbook. *Compl.* p. 3; *Mot. to Amend Compl.* pp. 3, 4.

Even assuming the truth of these allegations, however, plaintiff has failed to state a claim for a breach of contract resulting from the Defendants' purported failures to follow the Handbook procedures because the Handbook plainly and unequivocally disclaims the creation of any contractual obligation. Indeed, the Foreword on page 4 of the Handbook contains the statement:

> ***neither this handbook nor any other WEWAI document, confers any contractual right, either express or implied, to remain in . . . WEWAI's employment.*** Nor does this handbook guarantee any fixed terms and conditions of your employment. Your employment is for no specific designated period of time and may be terminated at will, with or without cause and without prior

---

[4] As the Plaintiff refers to and relies upon the Handbook in the Complaint and the Motion to Amend, it is properly incorporated in this Motion and does not convert it into a motion for summary judgment. *See Vanover*, 77 F.Supp.2d at 98 ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion into one for summary judgment.").

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

5

notice, by WEWAI, or you may terminate your employment for any reason at any given time.

See **Exhibit A** p. 4 (emphasis supplied).

This disclaimer is functionally identical to the disclaimer in *Castiglione* on which the Maryland Court of Special Appeals relied to affirm the dismissal of plaintiff's breach of employment contract claim in that case. *See* 69 Md. App. at 338 (holding that employee handbook statement that it "does not constitute an express or implied contract" was sufficient to bar plaintiff's contract claim). The unequivocal nature of the disclaimer in this case, coupled with its prominent location in the Handbook, establish that Plaintiff cannot state a breach of employment contract claim. Accordingly, the Court should dismiss this claim. *See Fournier v. U.S. Fidelity & Guar. Co.*, 569 A.2d 1299, 1304 (Md. App. 1990) (affirming motion for summary judgment against employee on breach of employment contract theory, holding "[t]he disclaimer of any contractual intent . . . effectively barred [plaintiff's] reliance."), *cert. den.*, 573 A.2d 1337 (1990).[5]

### B. Plaintiff Has Failed to State A Cause of Action for Discrimination.

Although in his jurisdictional statement Plaintiff broadly alleges he was the victim of (unspecified) "bias" and "discrimination" (*Compl.* p. 1), the body of his Complaint and the Motion to Amend do not articulate <u>any facts</u> that would support an employment discrimination claim. *See* 42 U.S.C. § 2000e-2(a) (2003) (prohibiting discrimination by an employer based on an individual's race, color, religion, sex, or national origin); Md. Code Ann., Art. 49B (2003) (prohibiting discrimination based on race, color, religion, ancestry or national origin, sex, age,

---

[5] Even if the Handbook did not disclaim contractual liability as prominently as it did, Plaintiff would nevertheless be charged with knowledge of it. *See Elliott v. Bd. Of Trs. Of Montgomery County Cmty. Coll.*, 104 Md. App. 93 (1995) (holding that reasonable, not actual, notice of a disclaimer is sufficient to put an employee on notice of it, and system wide distribution of an amended handbook constitutes reasonable notice).

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

6

familial or marital status, genetic information, pregnancy, mental or physical handicap, or sexual orientation). Even assuming that Plaintiff had alleged facts which, if true, would constitute a discrimination claim, the Complaint fails to allege that he took the administrative steps that are required prior to filing an employment discrimination claim in court. Under well-settled law, as an absolute prerequisite to filing a Title VII claim for employment discrimination, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and show that he has received a right-to-sue letter from that agency. *See* 42 U.S.C. § 2000e-5(e), 5(f)(1); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (concluding that respondent had "satisfied the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission . . . .").

Maryland law also requires discrimination claimants to bring their grievances to the state Human Relations Commission, and, in fact, denies claimants a private right of action. *See* MD. CODE ANN., Art. 49B; *Jordan v. CSX Intermodal, Inc.*, 991 F. Supp. 754, 756 n. 1 (D. Md. 1998) (noting that the provisions of Article 49B "empower only the Maryland Human Rights Commission to initiate litigation . . . ."). Plaintiff's absolute failure to engage the appropriate administrative procedures requires that his discrimination claim be dismissed.

### C. Plaintiff Has Failed to Allege a Viable Equal Protection Claim.

Plaintiff also asserts that he did not receive "equal treatment" under the Fourteenth Amendment, because another sheet metal worker purportedly received a written warning about his job performance, and Plaintiff did not. *Compl.* p. 4. Even assuming that to be true, this claim fails for two independent reasons. First, the law provides that an equal protection claim may be brought only where the plaintiff alleges that he has been intentionally treated differently from others similarly situated, <u>and</u> that there is no rational or constitutionally permissible basis for the

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

7

different treatment. *See Neveu v. City of Fresno*, 392 F.Supp.2d 1159 (D.D.C. 2005) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*)). Plaintiff's bald and unsubstantiated concerns regarding purported disparate treatment allege no facts in support of these required showings.

Second, an Equal Protection claim requires state action, and discrimination by a private employer can never violate the Equal Protection Clause. *See, e.g., Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) (holding that equal protection guarantees do not apply to the actions of private entities); *Goldstein v. Chestnut Ridge Vol. Fire Co.*, 218 F.3d 337 341 (4th Cir. 2000) (same). For these reasons, Plaintiff's equal protection claim must fail.

### D.     The Claims Against the Individual Defendants Must Be Dismissed.

As discussed above in section A, Defendants had <u>no</u> contractual obligation to follow a specific procedure prior to or following Plaintiff's termination. In addition, even if there were contractual liability, the proper parties to such a contract are W.E. Welch and Plaintiff. Defendants Kim Gipe and Jeff Mahoney, as individuals, are not parties to any possible contract created by the Handbook. Persons who are not parties to a contract cannot be held liable for breach of that contract. *See Snider Bros., Inc. v. Heft*, 317 A.2d 848, 851 (Md. 1974).

As for Plaintiff's bald allegations of "bias" and "discrimination," the claims against Gipe and Mahoney must be dismissed because "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Service, Inc.*, 159 F.3d 177 (4th Cir. 1998). *See also Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074 (8th Cir. 2006); *Dearth v. Collins*, 441 F.3d 931 (11th Cir. 2006), *cert. den.*, 127 S. Ct. 153 (2006). Nor are private citizens liable for violations of the Equal Protection Clause. *See Gilmore v. City of Montgomery*, 417 U.S. 556, 566 (1974)

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367
—
(301) 986-1300

("the Equal Protection Clause of the Fourteenth Amendment does not prohibit the '(i)ndividual invasion of individual rights.'").

## IV. **CONCLUSION**

Plaintiff is understandably upset that his employment was terminated. However, his feelings do not rise to the level of any cause of action under which relief may be granted. The Complaint should be dismissed with prejudice.

Respectfully submitted,

LERCH, EARLY & BREWER, CHARTERED

_____/S/_____
Stanley J. Reed, Esquire (D.C. Bar No. 260810)
William A. Goldberg (D.C. Bar No. 477534)
3 Bethesda Metro Center
Suite 460
Bethesda, MD 20814
301-657-0177
301-347-1796 (Facsimile)
*Attorneys for W.E. Welch & Associates, Inc.*
  *Jeff Mahoney and Kim Gipe*

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367

(301) 986-1300

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of January 2007, the foregoing was sent via first-class mail, postage prepaid, to:

Mr. Johnny Ray Chandler, Sr. (*pro se*)
1816 New Hampshire Avenue, N.W.
Apt. 602
Washington, D.C. 20009

Johnny Ray Chandler, Sr.
DC 174-730
D.C. DETENTION FACILITY
1901 D Street, SE
Washington, DC 20003

/S/
William Goldberg

586043v1

LAW OFFICES
LERCH, EARLY & BREWER
CHARTERED
SUITE 460
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5367
—
(301) 986-1300

10