UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR.,    ) | |
| ) | |
| Plaintiff,                   ) | |
| ) | |
| v.                           ) | Civil Action No. 06-0794 (PLF) |
| ) | |
| W.E. WELCH & ASSOCIATES, INC., et al., ) | |
| ) | |
| Defendants.                  ) | |

ORDER

Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is pending before the Court.  Defendants have attached exhibits in support of their motion, and their argument for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim relies on those materials outside the pleadings.  The Court will accept those materials, and therefore must treat defendants' motion to dismiss for failure to state a claim as one for summary judgment and dispose of it as provided in Rule 56.  See Fed. R. Civ. P. 12(b).  See also 2 MOORE'S FEDERAL PRACTICE §12.34[3][a] (3d ed. 2002).

The Court therefore provides this notice of its conversion of defendant's motion to one for summary judgment pursuant to Rule 12(b), which states that all parties must have "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  FED. R. CIV. P. 12(b).  See Holy Land Found. for Relief and Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003) (trial court abuses its discretion when it "fail[s] to comply with the procedures set forth in the Federal Rules of Civil Procedure" by considering materials outside of the

pleadings "without converting the proceeding to a Rule 56 proceeding and permitting [the nonmoving party] to either conduct discovery or come forward with additional evidence"); 2 MOORE'S FEDERAL PRACTICE §12.34[3][b] (3d ed. 2002).  Cf. Colbert v. Potter, 471 F.3d 158, 168 (D.C. Cir. 2006) (trial court's conversion of motion to dismiss into a motion for summary judgment without providing formal notice where non-moving party had notice that motion was "at least potentially, one for summary judgment" and had opportunity to present pertinent evidence is not reversible error).  Under Rule 56(c), the non-movant, the adverse party to a motion for summary judgment is given at least 10 days to serve opposing affidavits.  FED. R. CIV. P. 56(c), and the Court will provide the same opportunity to both parties here.  The Court notes that it does not need or require further briefing on the motion, and the parties are likewise not *required* to file any additional materials, such as affidavits, by either the Court or the Federal Rules of Civil Procedure.  The decision whether to do so or not is within their discretion.  Accordingly, it is hereby

> ORDERED that the parties shall have 10 days from the date of this Order to file any additional material pertinent to the pending motion for summary judgment.

> SO ORDERED.

\_\_\_\_\_/s/_____
PAUL L. FRIEDMAN
DATE:  May 1, 2007                United States District Judge