United States District Court
for the District of Columbia

Civil Division

RECEIVED
MAY 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Johnny Ray Chandler, Sr. #11977-007
FCC - Petersburg - Medium
DOB 50043
Petersburg, VA 23804-50043

Plaintiff, Pro-Se

V.   Civil Action No. 06-cv-794 PLF

W.E. Welch & Associates, et al.,

Defendants.

## Plaintiffs' Motion to Produce Evidence

Comes now Plaintiff, Johnny Ray Chandler, Sr. Proceeding, Pro-Se. Pursuant to the Fed. R. Civ. Pro. and the Rules of this Court. Respectfully moves this Court to accept into the Record, the following evidence.

In support of this Motion, Plaintiff refers this Court to the following Memorandum of Points and Authorities.

Respectfully Submitted,
Johnny Ray Chandler, Sr.

Memorandum of Points and Authorities in support of Plaintiffs' Motion to Produce Evidence

Plaintiff, Johnny Ray Chandler, Sr. Proceeding Pro-Se, Respectfully moves this Honorable Court to accept into the Record, the following evidence,

A.   Statement of Facts

This Complaint which is presently before the Court was initially filed on March 23, 2006, In the Superior Court of the District of Columbia, Against Defendants, W.E. Welch & Associates, Inc., Mr. Jeff Mahoney and Ms. Kim Gipe.

On May 1, 2006 Defendants Counsel filed to have this case removed from the D.C. Superior Court and transferred to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

On January 5, 2007 Defendants Counsel, by way of artful pleading. In an attempt to

2.

manipulate this Court, Defendants Counsel filed a Motion to Dismiss for Failure to state a claim upon which relief may be granted. Moreover, Counsel has provided this Court with false information. He alleged that Plaintiff has failed to state a cause of action for breach of an employment contract, Id. at 4. As evidence, Plaintiff refers this Court to Exhibit A, (Initial Complaint). As this Court will clearly see Plaintiff does not mention anything about a breach of Contract, See Exhibit A. Furthermore, as this Court will see Plaintiff was never interviewed by the Supervisor. If this Court will review Exhibits (B, C, and D.) This Court will see that the Employee Disciplinary Reports were not signed by the Supervisor. Plus, they were not signed by me (Plaintiff). Which creates two (2) violations of the W.E. Welch Employee Handbook.

B.   The Use of Mandatory Language

Here in this Case, Which is presently before the Court, The W.E. Welch & Associates Employee Handbook uses mandatory Language. Which creates a Liberty Interest under the Fourteenth Amendment. Page 46 of the W.E. Welch & Associates Employee Handbook states as follows:

3.

## On The Job

"The contents of this "Handbook" are your guide to success and should be followed at all times. Anytime a policy in this "Handbook" is not followed an employee "Will" receive a warning. If an employee receives (3) or more written warnings, disciplinary action "Will" be taken, up to and including termination." (See Exhibit F-2)

"Based on the use of mandatory language "Will" a protected Liberty Interest is created. <u>Hewitt V. Helms</u> citation omitted.

Moreover, per page 63 of the W.E. Welch & Associates Employee Handbook. Once again it uses mandatory language "Will" whereby creating a protected Liberty Interest. Which also will show and prove that Ms. Kim Gipe, Human Resource Manager was negligent in the performance of her duty. Page 63 (Exit Interview) states as follow;

"The Human Resource Manager is responsible for scheduling an exit interview with a terminating employee on the employee's last day of employment. Before your final paycheck "Will" be issued." (see exhibit C.). Moreover, per the W.E. Welch & Associates Employee

4.

Handbook page 62-63 it states:

"The supervisor should discuss the problem and present a written warning to the employee in the presence of a Human Resources Manager. This should clearly identify the problem and outline a course of corrective action within a specific time frame. The employee should clearly understand both the corrective action and the consequence (i.e. termination) if the problem is not corrected or re-occurs. The employee should acknowledge receipt of the warning and incorporate any of their own comments before signing it. A record of the discussion and the employee's comments should be placed in the employee file in the Human Resources Department." (See exhibit C.).

As, plaintiff stated in the initial Complaint, Id. at 5-6, I was never brought before the Human Resources Manager. Which will show and prove to this Court that I was denied my "Procedural Due Process under the Fifth and Fourteenth Amendment. (See Exhibit A, Initial Complaint).

Wherefore, in the interest of Justice, Plaintiff respectfully moves this Court

5.

to deny the Defendants pending Motion and GRANT Plaintiff the relief sought in his Initial Complaint, (See exhibit A.)

Respectfully Submitted,

Johnny Ray Chandler, Sr.
Plaintiff, Pro-Se
Fed. Reg. No. 11977-007
FCC Petersburg - Medium
P.O. Box 90043
Petersburg, Va. 23804-9003

6.

# Certificate of Service

I, hereby certify that a true and correct copy of the foregoing Motion to Produce Evidence, The Exhibits, and Certificate of Service, Were mailed, U.S. First Class Mail, postage prepaid, on this 18th day of May, 2007, To:

CC: Mr. Stanley J. Reed, Esquire
    Attorney for the Defendants
    3 Bethesda Metro Center
    Suite 460
    Bethesda, Maryland 20814-5367

Respectfully Submitted,

Johnny Ray Chandler, Sr.