United States District Court
for the District of Columbia

Johnny Ray Chandler, Sr.

    Plaintiff, Pro-Se,

      V.      Civil Action No. 06-cv-794 (P.L.F.)

W. E. Welch & Associates, et al.,

    Defendants.

RECEIVED
JUN 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Plaintiffs' Rebuttal To the Defendants Motion to Dismiss The Complaint For Failure To State a Claim

Plaintiff, Johnny Ray Chandler, Sr. Proceeding Pro-Se, pursuant to the Fed. R. Civ. Pro. Respectfully moves this Honorable Court to accept into the Record, his rebuttal to the Defendants pending Motion To Dismiss the Complaint for failure to state a Claim.

In support of this Motion, Plaintiff refers this Court to the following Memorandum of Points and Authorities.

Respectfully Submitted,
Johnny Ray Chandler, Sr.

1.

United States District Court
for the District of Columbia

Civil Division

Johnny Ray Chandler, Sr.,

    Plaintiff- Pro-Se,

V.      Civil Action No. 06-cv-794 (P.L.F.)

W.E. Walch & Associates, et al.,

    Defendants.

Memorandum of Points and Authorities in Support of Plaintiffs' Rebuttal to the Defendants Motion To Dismiss the Complaint for fail to State a Claim

A.      Introduction

Plaintiff filed the instant Complaint in the Superior Court of the District of Columbia on March 29, 2006.

On May 1, 2006 Defendants filed a Motion and

2.

had this Complaint removed from the Superior Court and transferred to this Court. (See exhibit A)

## B. Dismissal of Complaint for Failure to State a Claim Rule 12(b)(6), F.R.C.P.

In resolving a Rule 12(b)(6) Motion to Dismiss, The Court "must" treat the complaint's factual allegations including mixed questions of law and fact as true and draw "all" reasonable inferences in the plaintiff's favor. Warren V. District of Columbia, 353 F.3d 36, 40 (D.C. Cir. 2004); Holy Land Found. for Relief & Dev. V. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003).

It is not necessary for the plaintiff to plead all elements of his prima facie case. See Swierkiewicz V. Sorema N.A., 534 U.S. 506, 511-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), or "plead law or match facts to every element of a legal theory." Krieger V. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000).

3.

The Court "Will not" dismiss a Complaint for failure to state a claim unless the defendant(s) can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Kingman Park Civic Ass'n, V. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003); Gilvin V. Fire, 259 F.3d 749, 756 (D.C. Cir. 2001).

C. <u>Plaintiff Stated a Claim for Relief</u>

In the Defendants pending Motion, they alleged that plaintiff is claiming a breach of contract. See Defendants Mot. Id. at 3, 4, 5, 6.

It should appear obvious to this Court that the defendants did not thoroughly review the Complaint. Because, no where in the Complaint did plaintiff mention anything about a "Breach of Contract."

Plaintiffs' Claim is for violation of his Procedural Due Process and violation of Standard Company Policy.

These allegations along with the evidence that was filed by plaintiff is sufficient to state a claim under § 1983. See Warren, 353 F.3d at

4.

39. Baker V. District of Columbia, 326 F.3d 1302, 1306-07 (D.C. Cir. 2003).

D. <u>Procedural Due Process</u>

Here, in this instant Claim, Plaintiffs' Due Process Rights under the Fifth and Fourteenth Amendment were clearly violated by the defendants. The Fifth Amendment clearly states:

"No person shall be deprived of life, liberty or property, without due process of Law."

Pursuant to the Fourteenth Amendment, Employment is a Liberty Interest which triggers Due Process.

The right to be heard before being condemned to suffer a grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society. <u>Antifascist Committee V. McGrath</u>, 341 U.S. 123, 168, see L. Ed. H.N. #4 Constitutional Law. § 786.

5.

Wherefore, in the interest of Justice, Plaintiff moves this Court to deny defendants Motion and GRANT plaintiff the relief sought in his initial Complaint.

Respectfully Submitted,

Johnny Ray Chandler, Sr.,

Plaintiff, Pro-Se
Fed. Reg. No. 11977-007
FCC Petersburg - Medium
P.O. Box 90043
Petersburg, Va. 23804-9003

## Certificate of Service

I, hereby certify that a true and correct copy of the foregoing Rebuttal Motion and the Certificate of Service, were mailed U.S. First Class Mail, postage prepaid on this 15th day of June, 2007 To:

CC: Mr. Stanley J. Reed, Esquire
Attorney for the Defendants
3 Bethesda Metro Center
Suite 460
Bethesda, MD, 20814-5367

Respectfully Submitted,

Johnny Ray Chandler, Sr.

7.